IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRACEY GRISSOM,** <br> **(AIS# 296141),** <br><br> **Plaintiff,** <br><br> v. <br><br> **CORIZON, et al.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:19-cv-00420-WKW-CSC <br> ) <br> ) <br> ) <br> ) |

**ANSWER OF DEFENDANTS, SAM GORDON, YVETTE YOUNG AND ALABAMA DEPARTMENT OF CORRECTIONS**

**COME NOW** the Defendants, Sam Gordon, Yvette Young, and Alabama Department of Corrections ("ADOC") , ("defendants") by and through undersigned counsel in the above-styled action, and file this Answer in response to the Plaintiff's Complaint filed on June 17, 2019 [Doc.# 1] and this Court Order dated July 5, 2019 [Doc.# 5] as follows:

**FACTUAL ALLEGATIONS**

1.  The Defendants admit that the Plaintiff was seen by the medical staff employed by Wexford at the Julia Tutwiler Prison for Women located in Wetumpka, Alabama and/or the Birmingham Work Release.

2.  The Defendants deny that the Plaintiff was ever denied or delayed necessary care by these defendants while at the Julia Tutwiler Prison for Women

{B3224502}

located in Wetumpka, Alabama and/or the Birmingham Work Release. These defendants were not and have not ever been responsible for the medical care of Tracey Grissom.

3. The Defendants deny Plaintiff's allegations that the Plaintiff had not received necessary care.

4. The Defendants deny that Plaintiff was denied necessary care and/or treatment or that any treatment was ever delayed in any manner.

5. The Defendants deny that Plaintiff was treated with deliberate indifference.

6. The Defendants are aware that Plaintiff has made complaints and allegations regarding medical care while incarcerated at the Julia Tutwiler Prison for Women located in Wetumpka, Alabama and/or the Birmingham Work Release, and deny these allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1.

The Plaintiff's Complaint fails to state a claim against Defendants for which relief can be granted.

2.

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

3.

Plaintiff's claims are barred by the doctrine of assumption of the risk.

4.

Plaintiff's claims are barred by the doctrine of latches.

5.

Plaintiff's claims are barred by the statute of limitations.

6.

Plaintiff's claims are barred by the doctrine of waiver.

7.

The Court lacks subject matter jurisdiction over this dispute.

8.

This Court is the improper venue in which to assert this action.

9.

Plaintiff lacks standing to bring this action.

10.

Plaintiff's claims are barred by the doctrine of unclean hands.

11.

Plaintiff's claims are barred by the doctrine of qualified immunity.

12.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

{B3224502}

13.

Plaintiff's claims are barred by the doctrine of estoppel.

14.

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

15.

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

16.

Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or the Defendants are not responsible.

17.

Plaintiff's claims are barred because the Defendants did not breach any duty allegedly owed to Plaintiff.

18.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by the Defendants and the Plaintiff's alleged injuries and damages.

{B3224502}

19.

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

20.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against the Defendants.

21.

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." *42 U.S.C. § 1997e(a)(2005)*.

22.

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. *18 U.S.C. § 3626(a)(1)(A)(2005)*.

23.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via *42 U.S.C. § 1983*.

24.

Plaintiff's claims are barred because the Defendants did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

5

{B3224502}

25.

To the extent Plaintiff seeks to recover any attorney fees, the Defendants object to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

26.

Plaintiff's claims for punitive damages violate the Defendants' United States and Alabama Constitutional protections from, including without limitation, Excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

27.

The Defendants adopt and assert all defenses set forth in the *Alabama Medical Liability Act, § 6-5-481 et seq*, and *§ 6-5-542* et *seq*.

28.

The Plaintiff has failed to comply with *28 U.S.C. § 1915* with respect to the requirements and limitations inmate must follow in filing *informa pauperis* actions in federal court.

29.

Pursuant to *28 U.S.C. § 1915A*, this Court is required to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous

{B3224502}

or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from Defendants that are entitled to immunity as provided for in *42 U.S.C. § 1997(e)(c)*.

30.

The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and requests this Court, pursuant to *42 U.S.C. § 1988*, to award Defendants reasonable attorney fees and costs incurred in the defense of this case.

31.

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. *See Marie v. Nickels*, 70 F.Supp 2d 1252 (D.Kan. 1999).

32.

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to *42 U.S.C. § 1997(e)(a)*. The Plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F.Supp.2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

{B3224502}

Respectfully Submitted,

/s/ *Philip G. Piggott*
Philip G. Piggott (ASB-4379-P67P)
E-Mail: pgp@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Telephone:  205-868-6086
Facsimile:  205-868-6099
***Attorney for Defendants Sam Gordon,
Yvette Young, and Alabama Department of
Corrections***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2019**,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Tracey Grissom (AIS 296141)
Montgomery Pre-Release Facility
P. O. Box 75
Mt. Meigs, AL 36057

*/s/ Philip G. Piggott*
OF COUNSEL