In United States District Court
For the Middle District of
Alabama Northern division

Tracey Grissom #296141
Plaintiff
v
Corizon, et AL.
Defendants

2019 OCT -9 P 12: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No: 2:19-CV-420-WKW

## Plaintiff's Amendment to complaint:

Come now the plaintiff, Tracey Grissom, and files this amendment to complaint:

This action brought pursuant to 42 U.S.C 1983 to vindicate constitutional rights of plaintiff which were denied her by the named defendants; the Americans with Disabilities Act as well as common law claims arising from the same series of violations. She asserts a claim against the Alabama Department of Corrections (ADOC), Corizon Health and individual defendants pursuant to the Americans with Disabilities Act, 42 U.S.C 12101, et seq (ADA) and the Rehabilitation Act of 1973, 29 U.S.C 794 (Rehabilitation Act) asserting that her right to reasonable accommodations for her disability was violated, as well as delay in medical care, was treated with deliberate indifferent, wantonness and endured cruel and unusual punishment violating her constitutional rights.

- Plaintiff is an inmate who was, at all times relevant to this complaint, imprisoned in Julia Tutwiler prison for Women in Wetumpka, Alabama under Alabama Department of Corrections care. ADOC has policy/procedures in place for their employees at Tutwiler and for accommodations for ADA inmates. ADOC who contracted with Corizon failed to accommodate plaintiff with adequately fitting ileostomy bags which caused breakdown of skin, pain, stress and humiliation, as well as failed to consistently accommodate plaintiff's medically prescribed diet needed for her disability; total colectomy with ileostomy.

- Defendant Corizon Health, was at all times relevant to this complaint. Corizon Health was the health care provider to provide medical service and care including physicians and other health-care professionals, at Tutwiler prison for women under contract with Alabama Department of Corrections to the Tutwiler inmates, including plaintiff. Corizon contracts and orientates employees on Corizon policy and procedures. Corizon contracted with Dr. Gams as a physician and who over saw the medical staff. Corizon contracted with Nurse Manuel, Nurse Gilchrist and Nurse Jackson to provide nursing care. Corizon has policy/customs in place for their employees at Tutwiler for; sending inmates out to hospital, sick call procedures, Nursing tools, waivers, infirmary rounding, nursing notes, chronic care forms, appliance forms, as well as providing supplies to inmates. Corizon is responsible for the hiring, training, supervision, retention, or termination of caregivers, (policy/custom) such as specific paper work that has to be in place in order to Transfer inmates to hospital or outside provider, nursing tools paperwork that are to be filled out by the nurses before being referred to seeing the provider, infirmary rounding tools to be done when inmates are in infirmary and waivers that are signed to waive a sick call. Corizon also contracts with Mckession to provide medical supplies. An appliance form is to be signed in order to get

any medical supply and take it from healthcare to dorm.

- Defendant David Gams was at all times relevant to this complaint as a doctor employed by Corizon and Medical Director for Tutwiler. Dr. Gams was at all times the acting physician dealing with plaintiff's conditions as well as was the on call physician when plaintiff's intestines herniated. In the course of his employment with Corizon, he was obligated to provide medical care to plaintiff. Dr. Gams delayed accessing and/or sending plaintiff to hospital over weekend for herniation/prolapse of intestine, a potentially life threatening situation. He failed to provide appropriate monitoring of plaintiff condition; failure to refer plaintiff to hospital or other appropriate facility despite the need to do so in timely manor; and failure to take steps necessary to avoid the predictable deterioration of plaintiffs condition and injuries. Dr. Gams knew the course of medical treatment and refused to provide it. Dr. Gams also delayed sending plaintiff for repair of flush/retracted stoma despite knowing course of treatment as well as her pain, bags falling off, fecal leakage and skin breakdown, that plaintiff was experiencing for months from June 2017 until Feb 2018. Dr. Gams also failed to make sure plaintiff had adequate fitting bags for her flush stoma, despite the recommendation of Corizon's wound care nurse, which cause pain, skin break down, stress and humiliation. Grievances were filed on actions and lack there of.

- Nurse Linda Gilchrist was at all times relevant to this complaint a nurse employed by Corizon. In the course of her employment with Corizon, she was obligated to provide medical care to plaintiff. At critical times she was charge nurse at Tutwiler. She delayed calling Dr. Gams to verify pain medication order despite plaintiff being in excruciating pain. She failed to provide appropriate monitoring of plaintiff condition; failure to refer plaintiff to hospital or other appropriate facility despite the need to do so; and failure to take steps necessary to avoid the predictable deterioration of plaintiffs condition and injuries. Grievances were filed on her actions and lack there of.

- Lt Yvette Young was at times relevant to this complaint as a ADOC correctional officer as well as a grievance officer at Tutwiler. She failed to follow thru with grievance procedure to ensure plaintiff consistently was served the medical diet ordered, an ADA accommodation, despite multiple grievances, grievance appeals, request and ADA complaints stating not getting accommodations. Young also knew first hand that plaintiff was not receiving adequate ileostomy bags, also an ADA accommodation, that bags provided were not fitting appropriately and plaintiff had sores and was soiling self. Plaintiff complained directly to Young due to fact plaintiff was unable to work in salon due to not being able to be physically active, fecal leakage, painful excoriation ad soiling self.

- Lt Brian Coleman, was at times relevant to this complaint as an ADOC correctional officer as well as a grievance officer and on the administrative segregation board at Tutwiler. He failed to follow thru with grievance procedure to ensure plaintiff consistently was served medical diet, an ADA accommodation, despite multiple grievances, grievance appeals, request and ADA complaints stating denial of accommodations. Coleman also knew first hand that plaintiff was not receiving adequate fitting ileostomy bags and that she was soiling self. Plaintiff had to see him directly about getting soiled clothes washed. Coleman was also aware of plaintiff being placed in isolation due to Healthcare not providing properly fitting bags, also an ADA accommodation, causing painful excoriation and not staying on. Plaintiff complained directly to Coleman when he came through on the segregation board in

December 2017. Plaintiff spoke with Coleman on multiple occasions about grievances on not getting medically ordered diet and her not getting properly fitting bags and that excoriation was painful and bags leaking and falling off were stressful and humiliating.

- Nurse Linda Jackson, was at times relevant to this complaint as a nurse employed by Corizon. In the course of her employment with Corizon she was, Director of Nursing at Tutwiler, over Medical grievance appeals and was obligated to provide medical supplies to inmates including plaintiff. She failed to make sure plaintiff had adequate ileostomy bags that fit stoma appropriately. She failed to follow through on medical grievances and grievance appeals to alleviate pain, ill fitting bags, skin breakdown, sores, stress and humiliation. She also delayed care of getting stoma repaired despite knowledge of problems occurring. Plaintiff complained directly to Jackson on a near weekly basis about flush stoma, painful excoriation and humiliation. Ms. Jackson is who issued plaintiff ileostomy bags during day most often. Grievances were filed on actions and lack there of.

- Chief Sam Gordon, was at all times relevant to this complaint, employed by ADOC as the Chief Steward at Tutwiler and therefore in charge of food service in Tutwiler. Gordon failed to provide medically ordered diet, an ADA accommodation, consistently to Plaintiff. This caused stress, unnecessary abdominal cramping and irritation to excoriated area. Plaintiff placed multiple grievances, grievance appeals, and ADA complaints.

- Nurse Wanda Manuel, was at all times relevant to this complaint as a nurse employed by Corizon. In the course of her employment with Corizon, she was obligated to provide medical care to plaintiff. At critical times she was infirmary nurse for Corizon. She failed to provide appropriate monitoring of plaintiff condition; failure to refer plaintiff to hospital or other appropriate facility despite the need to do so; and failure to take steps necessary to avoid the predictable deterioration of plaintiffs condition and injuries. She made comments to plaintiff that were wanton on more than one occasion. Grievances were filed on her actions and lack there of.

Cause of Action

➢ Plaintiff's condition as detailed was obvious to anyone who cared to look. In particular, healthcare workers would have seen the need for medical care, but the need for medical intervention would have been obvious to lay people.

➢ The named individuals Gams, Gilchrist, Manuel, Jackson and Gordon over months detailed, continually been deliberately indifferent to plaintiff's serious medical needs, despite being aware of them. In addition Young and Coleman were deliberately indifferent to plaintiff's request for help with getting adequate medical supplies needed to not continually soil self and lack of proper medical diet given despite orders.

➢ Such deliberate indifference violates plaintiff's right not to be subjected to cruel and unusual punishment as protected by eight amendment to the United States constitution, made applicable to state through the fourteenth amendment.

Wherefore plaintiff seeks following relief:
1. Such compensatory and punitive against defendants, individually and severally as a jury may determine to be just;

2. A declaratory judgment that these defendants violated plaintiff"s constitutional rights not to be subjected to cruel and unusual punishment;
3. That this court maintain jurisdiction over this matter to insure plaintiff"s rights not be violated in the future and;
4. Such other, further and different relief as to which she may be entitled.

## Cause of Action

➢ The medical defendants Gams, Gilchrist, Manuel, Jackson and Corizon, by and through its employees, breached their duty to provide appropriate physician and nursing care, service and treatment to plaintiff and delay in care. These violations were the proximate cause of plaintiff injuries and damages.

➢ The breach of the applicable standard of care committed by the medical defendants and or Corizon's employees and agents constituted negligent and/or wanton conduct that was beneath the standard of care of similarly situated healthcare providers. The acts or omissions by the medical defendants and the ADOC's employees and agents, included but not limited to the following: the failure to provide reasonable physician care to plaintiff in conducting adequate and timely assessment and patient examinations; failure to provide appropriate medical diagnoses and interventions; failure to provide appropriate monitoring of plaintiff condition; failure to refer plaintiff to hospital or other appropriate facility despite the need to do so; and failure to take steps necessary to avoid the predictable deterioration of plaintiffs condition and injuries.

➢ Each of these failures, individually and cumulatively, resulted in the deterioration and unnecessary continuation of plaintiff's condition and proximately caused her ongoing physical suffering, embarrassment and mental anguish.

➢ Reasonably prudent healthcare providers operating under the same or similar conditions, would not have committed the acts and omission in plaintiff"s care as described. Each of the foregoing acts or pattern of negligence and or wantonness on the part of the defendants and or Corizon proximately contributed to cause the injury and damages to plaintiff as described.

Where Plaintiff seeks the following relief:
1. Such compensatory and punitive damages against the medical defendants, separately and severally, as a jury may determine; and
2. Such other further and different relief as to which she may be entitled.

## Cause of Action

➢ Plaintiff's physical infirmities, accessed detailed, constitute disabilities under ADA and Rehabilitation Act. They affect one or more major life functions including, but not limited to, the ability to use a toilet and the inability to consume and digest certain foods.

➢ By failing to insure plaintiff reasonable accommodation for her physical condition providing her bags that would fit her stoma, seal around stoma and stay on appropriately as designed. Corizon and defendant Jackson violated plaintiff's right under the ADA.

- In Addition, because the state of Alabama and the ADOC receives federal funds, they are liable for damages pursuant to the rehabilitation Act as well.

- Defendant Sam Gordon was responsible for insuring that ADOC accommodated plaintiff's disabilities and failed to do so consistently.

- This caused unnecessary pain, embarrassment and mental stress

Where as plaintiff seeks the following relief
1. Such Compensatory and punitive against these defendants, individually and severally, as a jury may determine to be just.

2. Declaratory judgment that these defendants violated plaintiff's constitutional right not to be subjected to cruel and unusual punishment

3. That this court maintain Jurisdiction over this matter to insure that the plaintiff's right not be violated in the future; and

4. Such other, further and different relief as to which she may be entitled.
Plaintiff demands Trial by Jury

Damages include permanent loss of her small intestines, mental anguish, humiliation and pain endured for extended amount of time. Plaintiff still has an ileostomy and is at risk for future harm. Plaintiff is still incarcerated and has to rely on ADOC and contracted healthcare for any and all care. Plaintiff had a permanent lost of intestines during surgery and still requires appropriate fitting ileostomy bags in order to contain feces and help keep skin from breakdown and leakage. Plaintiff can not digest certain foods and requiring some foods to me mechanically soften in order to digest properly. Plaintiff accrued injuries and damages that are permanent and could affect her in the future to have ileostomy reversed and possible absorption problems.

Alabama department of corrections and Corizon has grievance and inmate grievance procedure. The plaintiff filed multiple medical grievances, medical appeals, inmate grievances, inmate appeals, request as well as wrote a letter to Wendy Williams the commissioner on delay of being seen by Dr. Gams, delay of treatment, delay of being sent to hospital despite having an emergent situation, not getting special needs diet and not getting adequate bags needed for inverted stoma, and need for stoma repair.

Under rule 11 of the federal rules of civil procedure to the best of plaintiff's knowledge, information and belief that the complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, is supported by existing law or by non-frivolous arguments, not for extending, modifying or reversing existing laws, the factual contentions have evidentiary support or, will likely have evidentiary support after reasonable opportunity for further investigation or discovery.

Respectfully submitted

*[signature]*

Tracey Grissom # 296141
Birmingham Work Release
1216 25th st N
Birmingham, AL 35234

Certificate of Service
I hereby certify that on ___10/7/19___ date, I mailed from Birmingham Work Release by U.S Postal service this document to the Clerk of the court and Counsel for Defendants, Phillip Piggott. At Starnes Davis Florie LLP 100 Brook place, 7th Floor Birmingham, AL 35209.

Sworn and Subscribed before me on _____ day of _____ 2019.

_____
Notary Public

My commission Expires:_____

6

Tracey Grissom
#296141-BCBF
1216 25th St N
Birmingham AL 35234

BIRMINGHAM AL 350

07 OCT 2019 PM 4 L



United States District Court
office of the clerk
one church st, suite B-110
Montgomery AL, 36104

36104-401801